comply with the order until it was threatened with contempt charges, whereupon the city eventually reinstated the relators. However, the city still has not complied with the order to provide the relators with back pay.

During recent proceedings to enforce the back pay portion of the writ of mandamus, the city urged the appellate court to reconsider and vacate the ordered writ. When the court of appeals declined the city's invitation to vacate the court's prior order, the city appealed to this court.

In sum, it readily appears that the actions undertaken by the city have gone beyond legitimate points of contention and have degenerated into a series of delay tactics. Thus, we agree with appellee, and find the requested sum of $750 in attorney fees to be reasonable in light of the bad faith course of conduct displayed by the city.

The motion to dismiss the city's appeal is hereby granted, and the city is ordered to pay moving appellee her reasonable attorney fees as requested.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, LOCHER, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

HOLMES, J., dissents.

THE STATE, EX REL. JEWITT ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* BROADVIEW HEIGHTS ET AL., APPELLANTS AND CROSS-APPELLEES.

[Cite as State, ex rel. Jewitt, *v.* Broadview Hts. (1988), 39 Ohio St. 3d 194.]

(No. 88-638—Submitted September 8, 1988—Decided September 8, 1988.)

*Kelley, McCann & Livingstone* and *Thomas J. Lee,* for appellees and cross-appellants.

*Kevin P. Weiler,* law director, for appellant and cross-appellee city of Broadview Heights.

*John T. Corrigan,* prosecuting attorney, and *Michael P. Butler,* for appellant and cross-appellee Cuyahoga County Board of Elections.

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.